UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:20-CV-00126-REW-EBA

COURTNEY SOUTHERS,

PLAINTIFF,

V                    **REPORT AND RECOMMENDATION**

APPALACHIAN REGIONAL HEALTHCARE, INC.,                    DEFENDANT,

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Courtney Southers has filed a motion to remand. [R. 5]. With the issues being fully briefed, this matter is now fully ripe for review [R. 5; 13; 15]. This Court now recommends that Plaintiff's motion to remand be GRANTED.

I.    FACTS AND PROCEDURAL HISTORY

This case involves allegations of discrimination and extreme and outrageous conduct by Defendant Appalachian Regional Healthcare, Inc. ("ARH") in their termination of Southers. [R. 1-1]. Southers was employed in the laundry section of ARH's facility in South Williamson, located in Pike County, Kentucky. *Id*. While Southers was employed by ARH, she missed several days of work due to illness from pregnancy and was terminated. *Id*. On September 3, 2020, Southers filed a lawsuit in state court in Pike County against ARH, claiming discrimination in violation of KRS 344 and the Kentucky Civil Rights Act, and making a claim under the Kentucky tort of outrage. [R. 1-1 at p. 6]. On October 6, 2020, before Southers had perfected service on ARH, ARH removed

1

the action to federal court. [R. 1]. On October 7, 2020, Southers filed a motion to remand the action back to state court. [R. 5].

## II. ANALYSIS

### a. This Court Has Subject Matter Jurisdiction

A court may raise the issue of subject-matter jurisdiction at any time *sua sponte. Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle*, 97 S.Ct. 568, 571 (1977). A district court properly exercises jurisdiction over a removed action where it would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). "A defendant removing a case has the burden of proving the diversity jurisdiction requirement." *Rogers v. Walmart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). When a case is removed to federal court on the basis of diversity jurisdiction, the federal court will not have subject matter jurisdiction over the case unless there is both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Medlen v. Estate of Meyers*, 273 Fed. App'x 464, 469 (6th Cir. 2008).

First, considering the issue of whether the defendants carried their burden of meeting the amount in controversy, defendants must come forward with competent proof that shows the amount in controversy requirement is satisfied. *King v. Household Fin. Corp., II*, 593 F.Supp.2d 958, 959 (E.D. Ky. Jan. 16, 2009). Mere speculation is insufficient. *Id.* at 960 (holding that removal was improper when the defendant's rationale for the amount in controversy was predicated on "mere averments," not "competent proof" concerning the defendant's allegations that "the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees," clearly met the threshold).

Here, defendant argues, and plaintiff does not dispute, that the amount in controversy exceeds $75,000. In compliance with Kentucky Rule of Civil Procedure 8.01(2), Southers does not state an amount in controversy. However, she claims that she suffered and continues to suffer damages from loss of wages and benefits, loss of future earning capacity, medical expenses, and emotional distress. [R. 1-1 at p. 4]. She also makes a claim for punitive damages "in an amount to be determined by a jury." [*Id*. at p. 7] Defendant states that at the time plaintiff was terminated, she made an annual salary of $16,245. [R. 1 at p. 3]. In employment cases, it is proper to consider the accrual of back pay beyond the time of removal when the plaintiff seeks an award for back pay that includes future accruals. *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. App'x 476, 479 (6th Cir. 2014). Defendant argues that, even on an expedited schedule, any trial in federal court would not occur prior to March 2022. [R. 1 at p. 3]. Under this estimation, plaintiff would be seeking $64,980.00 in back pay. *Id*. Defendant further argues that, based on data from the Bureau of Labor Statistics, plaintiff claims $20,793.60 in benefits. *Id*. Combined, these two claims alone push the amount in controversy over the $75,000 threshold.

Southers also makes a claim for emotional distress under the Kentucky Civil Rights Act. [R. 1-1 at p. 4]. "[T]here is no statutory limit of damages for emotional distress under the Kentucky Civil Rights Act." *Id*. (quoting *Childers Oil Co., Inc. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008) (internal quotations omitted)). Defendant cites to a Kentucky case where the jury returned a verdict for $135,000 for emotional distress under the Kentucky Civil Rights Act. [R. 1-1, p. 4 (citing *Kroger Co. d/b/a/ Country Oven Bakery v. Buckley*, 113 S.W.3d 644, 646 (Ky. Ct. App. 2003))]. This provides further proof that the amount in controversy exceeds $75,000.

Lastly, defendant argues that the amount in controversy requirement is met by plaintiff's demand for attorney's fees under the Kentucky Civil Rights Act. Generally, attorneys' fees are

3

excluded in determining the amount in controversy unless there is a statute which expressly allows for the payment of such fees. *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). The Kentucky Civil Rights Act expressly allows for the payment of attorneys' fees. *Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 816 (Ky. 1992) (quoting KRS 344.450). While there is no firm test to determine "reasonable" attorney fees, the Sixth Circuit has held that attorneys' fees valued at half the damages plaintiff seeks are not "per se unreasonable." *Pub. Funding Corp. v. Lawrence Cty. Fiscal Court*, 892 F.2d 80 (6th Cir. 1989). Fifty percent of plaintiff's back pay and benefits claims would be $42,886.80. *See* [R. 1 at p. 3]. This claim would further push the amount in controversy over the $75,000 threshold. Therefore, considering this evidence together, this Court finds by a preponderance of the evidence that the defendant has met its burden of presenting competent, non-speculative, evidence that the amount in controversy exceeds $75,000.

Second, to the issue of complete diversity between the plaintiff and the defendant, the defendant must show that its state of incorporation and where it has its principal place of business is different from the plaintiff's citizenship in West Virginia. *See* 28 U.S.C. § 1332(c)(1). Here, the parties agree that ARH is incorporated in Kentucky and its principal place of business is located in Kentucky. [R. 1, p. 2; R. 1-1, p. 1]. Therefore, since the sole defendant is not a citizen of West Virginia, there is complete diversity among the parties.

In sum, defendant has met its burden of showing that the amount in controversy exceeds $75,000. The defendant also shows that there is complete diversity between the parties. Therefore, this Court has subject-matter jurisdiction pursuant to the statutory requirements set forth in 28 U.S.C. § 1332.

**b. The Forum Defendant Rule Favors Remand**

However, even though this Court has subject matter jurisdiction, remand is proper under the statutory limitations contained in 28 U.S.C. § 1441. According to what has become known as the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The issue in this case is whether an in-state defendant may remove a case to federal court before they have been served. To answer this, we must examine the statute's text considering context, structure, and related statutory provisions, using ordinary principles of statutory construction.

ARH argues that the forum defendant rule does not apply because it was not properly served and joined as a party to the case when it removed this action to federal court. [R. 5-1 at p. 2]. Although Southers does not contest that ARH was not properly joined and served at the time of removal, she argues that allowing the case to stay in federal court would allow gamesmanship which is not within the spirit of the forum defendant rule. [R. 15].

First, plaintiff argues that the forum-defendant rule would divest this Court of subject-matter jurisdiction [R. 5]. This argument is unpersuasive because "the forum defendant provision is a procedural removal requirement." *RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009) (citations omitted); *see also Hackworth v. Guyan Heavy Equip., Inc.*, 613 F.Supp.2d 908, 912 (E.D. Ky. 2009) ("the removal of a case in violation of § 1441(b) constitutes a procedural defect because § 1441(b) renders such removals improper, but it does not remove from federal courts all authority to exercise diversity jurisdiction over the class of cases involving forum defendants").

5

This conclusion is not exclusive to the Sixth Circuit, as the Ninth Circuit recognized that all Circuit Courts of Appeals treat the forum defendant rule as a procedural issue, not a jurisdictional issue. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable defect"); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n. 3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable and removable defect); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) (same); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441(b) violation a waivable defect in removal proceedings); *but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 n. 1 (8th Cir. 1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect). Therefore, the forum-defendant rule does not disrupt this Court's finding that it has subject-matter jurisdiction to hear this case.

Second, plaintiff argues that by removing the case to federal court before plaintiff could complete service, defendant engaged in gamesmanship which goes against the spirit of the forum-defendant rule. [R. 15]. Defendant argues that removal is proper under the plain language of the statute. [R. 13]. The issue of whether the forum defendant rule allows defendants to remove before the plaintiff has perfected service, also known as snap removal, has generally divided district

courts. *See e.g. Little v. Wyndham Worldwide Operations, Inc.,* 251 F. Supp. 3d 1215, 1220 (M.D. Tenn. 2017) ("district courts have struggled with the issue, leading to conflicting results, not only nationwide, but among the district courts in the Sixth Circuit"); *Ethington v. GE*, 575 F. Supp. 2d 855, 860 (N.D. Ohio 2008) ("the Court must consider the…[m]otion in the absence of any binding precedential authority on the forum defendant rule's proper interpretation"). Both parties have cited several cases supporting their position, and the Court through its own research has discovered additional cases supporting both positions as well. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-06 (2nd Cir. 2019) (allowing snap removal under the plain language of 28 U.S.C. § 1441(b)(2)); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (same); *but see Ethington*, 575 F. Supp. 2d at 862 (rejecting the plain language interpretation and instead holding "a forum defendant cannot remove to federal court even if the forum defendant has not been properly joined and served"); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, No. 2: 11-md-2226-DCR, 2012 U.S. Dist. LEXIS 99835 (E.D. Ky. July 17, 2012) (same).

In *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001), the Sixth Circuit stated that "[w]here there is complete diversity of citizenship, as [plaintiff] concedes there was, the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall*, 239 F.3d at 809 n.2. However, this statement has been repeatedly characterized by district courts as dicta, and thus has not necessarily been followed. *See e.g. Little,* 251 F. Supp. 3d at 1219*; Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, at *3 (N.D. Tex. Oct. 20, 2015); *Arrington v. Medtronic, Inc.*, 130 F. Supp. 3d 1150, 1155 (W.D. Tenn. 2014); *In re Darvocet*, 2012 WL 2919219, at *3; *Goodwin v. Reynolds*, 2012 WL 4732215, at *8 (N.D. Ala. Sept. 28, 2012); *NFC Acquisition LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 969 n.3 (N.D. Ohio 2009).

Additionally, the facts in *McCall* differ substantially from those of the instant case. *McCall* dealt with a situation where "derivative shareholder actions brought against non-forum defendants were already in federal district court at the time of removal by the forum defendant." *Harrison v. Wright Med. Tech., Inc.*, 2015 U.S. Dist. LEXIS 61030, 2015 WL 2213373, at *6 (W.D. Tenn. May 11, 2015) (citing *McCall*, 239 F.3d at 813 n.1). Here, ARH, the sole defendant, removed the case to a federal court within their own forum state before they were served by Southers. Thus, for the following reasons, this Court recommends that the case be remanded back to state court.

First, allowing snap removal goes against the purpose of the forum defendant rule. The controlling principle of statutory interpretation is that courts "must give effect to the clear meaning of statutes as written." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476 (1992). "It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (citation omitted). "A court must therefore interpret the statute 'as a symmetrical and coherent regulatory scheme,' . . . and 'fit, if possible, all parts into a[] harmonious whole.'" *Id*. Further, "[i]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 432 (6th Cir. 2012) (citation omitted). Ultimately, "statutory construction…is a holistic endeavor" which requires that a court "select a meaning [that] produces a substantive effect that is compatible with the rest of the law." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 985 (2017).

Here, allowing removal would go against the statutory scheme of removal and would produce an absurd result. The underlying reason behind the perceived need for diversity jurisdiction is to protect out of state defendants from "home grown" juries. *Little,* 251 F. Supp. 3d

at 1222; *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013) ("[T]he forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction to protect defendants against presumed bias of local courts is not a concern because at least one defendant is a citizen of the forum state."); *see Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) ("With an in-state defendant, the likelihood of local bias is reduced, if not eliminated, and removal to a federal forum is not warranted."). Here, there is no danger of bias against ARH due to a "home grown" jury. ARH operates a facility in Pike County, which is the county where Southers originally filed her lawsuit. [R. 1-1].

Further, the intent of the "joined and served" language is to prevent gamesmanship by plaintiffs, who may name an in-state defendant against whom they do not have a valid claim in order to defeat otherwise permissible removal by proper defendants. *See Stan Winston Creatures, Inc. v. Toys R Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y.2003) ("The purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."). To read the statute to allow defendants to engage in a different gamesmanship involving a race to remove before service is processed would produce an absurd result. *Little,* 251 F. Supp. 3d at 1222; *see Padgett v. Medtronic, Inc.*, 41 F.Supp.3d 582, 587 (W.D. Ky. Aug. 22, 2014) (cautioning against gamesmanship tactics by defendants who "attempt to use the forum defendant rule to their advantage by monitoring the state court docket and quickly removing an otherwise non-removable action before service can be accomplished"). In other words,

> the result of blindly applying the plain "properly joined and served" language of § 1441(b) is to eviscerate the purpose of the forum defendant rule. It creates a procedural anomaly whereby defendants can always avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before they are served by the plaintiff. In other words, a literal interpretation of the provision creates an opportunity for gamesmanship by

defendants, which could not have been the intent of the legislature in drafting the "properly joined and served" language.

*Fields v. Organon USA, Inc.*, Civil Action No. 07-2922 (SRC), 2007 WL 4365312, at *5 (D.N.J. Dec. 12, 2007); *see Ethington*, 575 F. Supp. 2d at 861. Here, allowing ARH to remove before service would be allowing ARH to engage in gamesmanship which goes against the purpose of the forum defendant rule.

Second, removal is disfavored by Congress; thus, the removal statutes are to be narrowly construed as to limit federal court jurisdiction. *See, e.g.*, *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (holding removal statutes are to be narrowly construed because they implicate federal concerns); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("[S]tatutory procedures for removal are to be strictly construed"); *Healy* v. *Ratta*, 292 U.S. 263 (1934) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"). A defendant has the burden of proving their right to a federal forum. *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). "All doubts should be resolved in favor of remand." *Ethington*, 575 F. Supp. 2d at 860 (citing *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir. 2006)). Due to the sheer number of cases disfavoring snap removal, there is considerable doubt as to whether removal is proper in this case. Thus, under *Eastman*, these doubts should be resolved in favor of remand. *See Eastman,* 438 F.3d at 550.

Third, there are several compelling policy arguments which persuade this Court to recommend against allowing snap-removal. First, blindly applying the "joined and served" language of § 1441 may create different results depending upon the jurisdiction where the case is filed. In some states, process is served by the county sheriff or other authorized agents, but "recordkeeping and docketing technology is several generations ahead of this procedure." *In re*

10

*Testosterone Replacement Therapy Prods. Liab. Litig.*, 67 F. Supp. 3d 952, 962 (N.D. Ill. 2014). Thus, a vigilant defendant could monitor the docket and remove before it was even possible for the plaintiff to perfect service, virtually eliminating the forum defendant rule. *See Ethington*, 575 F.Supp. at 863 ("[R]igidly applying the plain meaning of the forum defendant rule's test would be especially inequitable in states such as New Jersey which do not even allow for perfecting service until the clerk's office has processed the complaint and issued a TAN number (or its equivalent in states other than New Jersey)."). Surely Congress would not have intended to enact a rule which as applied created different outcomes depending on where the case was originally filed.

Additionally, snap removal can preempt the provision of § 1441(a) which allows removal only for "pending" cases. As one court explained,

> To qualify for removal, a civil action must be "pending" in state court. See 28 U.S.C. § 1441(a). But in many states, a suit is not "pending" until service has been effectuated. For instance, both Kansas and Kentucky require issuance of a summons before the "commencement" of an action. . . . In other states, however, an action is "commenced" by filing a complaint. . . . Reading the removal statute to require service of some defendant ensures uniformity. Under such a construction, the availability of a federal forum does not vary on a state-by-state basis, an outcome that does not appear contemplated by statute.

*In re Jean B. Mcgill Revocable Living Trust*, 2017 WL 75762, at *2 (N.D. Okla. January 6, 2017). This too would create an unequal result depending on the jurisdiction where the case was originally filed. Certainly, it was not Congress's intent to allow different results based on location. Thus, for these policy reasons, snap-removal should be disfavored.

**c. *Terry* Does not Apply to this Case**

In support of its position that snap-removal is proper, ARH cites an opinion from this Court, which held that a forum defendant added in a plaintiff's amended complaint did not defeat the Court's subject matter jurisdiction after the case had already been removed. *See Terry v. Phelps Ky Opco*, No. 7:20-CV-23-REW, 2020 WL 2500306 (E.D. Ky. Apr. 20, 2020), *report and*

11

*recommendation adopted*, 7:20-CV-23-REW, 2020 WL 2495802 (E.D. Ky. Mary 14, 2020). The situation in *Terry* was vastly different than the facts of this case. *Terry* dealt with a case originally filed against an out of state defendant, Phelps KY Opco, LLC, which was subsequently removed by that defendant to the Eastern District of Kentucky. *Id*. at *1. Phelps then filed a motion for a more definite statement and Plaintiff Terry filed an amended complaint adding several additional defendants. *Id*. Two of these defendants were citizens of Kentucky. *Id*. at *2. This Court then raised the issue *sua sponte* of whether it still had subject matter jurisdiction after the addition of the forum defendants. *Id*.

*Terry* held that an amended complaint did not supersede an original complaint for the purposes of diversity subject matter jurisdiction. *Id*. at *5. In other words, it held that a case otherwise properly before a federal court under diversity jurisdiction could stay in federal court and not be remanded solely because forum defendants were added in an amended complaint. In *Terry*, the issue of "gamesmanship" by a forum defendant was not present. *See id*. ("The plaintiffs do not argue that the defendants made a snap decision to remove to federal court as a means of gamesmanship before the other defendants are served with process.") Thus, *Terry* is both inapplicable and unpersuasive in this case.

### d. Plaintiff Did Not Waive Her Argument Against Snap Removal

Defendant further argues that by failing to argue against the application of snap removal in her motion to remand, plaintiff has waived her right to argue against it in her reply. [R. 13 at p. 2]. This argument is unpersuasive. The defendant cites two cases in support of its argument. The first case, *Radvansky v. City of Olmstead Falls*, finds that a plaintiff waives their right to raise an issue before a court of appeals if they fail to address it in their appellate brief. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005) (citing *Marks v. Newcourt Credit Group, Inc.*,

12

342 F.3d 444, 462 (6th Cir. 2003)). This is not the same issue before this Court in this case. Here, plaintiff raised the issue of whether this case was properly removed to federal court in her motion to remand. [R. 5]. Her inability to foresee and defend against an argument not yet raised by ARH does not preclude her from defending against it now. Likewise, the second case cited by ARH discusses whether an appellate court may consider an argument which was not first raised before the district court. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552-54 (6th Cir. 2008). The *Scottsdale* Court found that issues raised for the first time in a reply to a response are generally found to be waived. In consideration of this finding, the Court stated,

> [r]aising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief - they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further[,] the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

*Id*. (quoting *Novosteel Sa v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). Here, plaintiff's argument that ARH's snap removal constitutes gamesmanship is made in reply to ARH's argument that snap removal is proper in this case. These arguments are both related to the overall issue of whether removal to federal court was proper in the first place, which was raised by Plaintiff in her motion to remand. Thus, neither of the cases cited by the defendant apply and this Court finds that plaintiff's argument was not waived.

### III. CONCLUSION

In sum, the forum defendant rule should bar snap removal in this case. While the forum defendant rule is procedural and thus does not preclude subject matter jurisdiction, allowing snap removal in this case would create an absurd result which does not comply with Congress' overall statutory scheme for removal. Thus, for the reasons stated herein, the undersigned RECOMMENDS that Plaintiff's motion to remand be GRANTED.

13

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not enough to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not enough to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed November 3, 2020.



Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge