UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:20-CV-00126-REW-EBA

COURTNEY SOUTHERS,

PLAINTIFF,

V           **REPORT AND RECOMMENDATION**

APPALACHIAN REGIONAL HEALTHCARE, INC.,           DEFENDANT,

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Appalachian Regional Healthcare ("ARH") has filed a motion for leave to file a second amended notice of removal. [R. 17]. With the issues being fully briefed, this matter is now fully ripe for review [R. 17; 19; 20]. For the following reasons, this Court now recommends that Defendant's motion for leave to file an amended notice of removal be DENIED.

I.   FACTS AND PROCEDURAL HISTORY

This case involves allegations of discrimination and extreme and outrageous conduct by Defendant Appalachian Regional Healthcare, Inc. ("ARH") in its termination of Southers. [R. 1-1]. Southers was employed in the laundry section of ARH's facility in South Williamson, located in Pike County, Kentucky. *Id*. While Southers was employed by ARH, she missed several days of work due to illness from pregnancy and was terminated. *Id*. On September 3, 2020, Southers filed a lawsuit in state court in Pike County against ARH, claiming discrimination in violation of KRS 344 and the Kentucky Civil Rights Act, and making a claim under the Kentucky tort of outrage. [R. 1-1 at p. 6]. On October 6, 2020, before Southers had perfected service on ARH, ARH removed

the action to federal court. [R. 1]. On October 7, 2020, Southers filed a motion to remand the action back to state court. [R. 5]. Two days after Southers filed her motion to remand, ARH filed a motion for leave to file an amended notice of removal. [R. 7]. ARH's amended notice of removal omitted a paragraph stating that Defendant had timely filed its removal within thirty days of service.[1] *See* [R. 1]. After Southers's motion to remand was fully briefed, the undersigned recommended that the case be remanded on the basis that snap removal was not proper in this case. [R. 16]. Eleven days after this Court filed its report and recommendation, ARH filed a motion for leave to file a second amended notice of removal. [R. 17].

## II. ANALYSIS

Removal statutes are to be narrowly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Wilson v. U.S. Dept. of Agric.*, 584 F.2d 137, 142 (6th Cir. 1978). "[A]ny disputed questions of fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). The "removal petition is to be strictly construed with all doubts resolved against removal." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Further, the burden of showing that the district court has original jurisdiction is on the party seeking removal. *Id*.

---

[1] Plaintiff claims Defendant amended its notice of removal to "remove acknowledgement that it had been served with Plaintiff's Complaint." [R. 19 at p. 2]. However, Defendant had not acknowledged service. Instead, the amended notice of removal omitted the following paragraph: "Under 28 U.S.C. §§ 1441 and 1446, this case may be properly removed to this Court at any time within (30) days from Defendant being served with Plaintiff's Complaint and Summons. Defendant is timely filing its removal within thirty (30) says [*sic*] of service." [R. 1 at p. 2]. However, whether Defendant had been served at the time it filed its first notice of removal is not relevant to the issue at hand because the thirty-day period for removal begins to run on the date that the Defendant received the complaint, not the date it was served. *See Tech Hills II Assocs v. Phx. Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993).

As the Court of Appeals for the Sixth Circuit has explained:

> To remove a civil action from state court to federal court, the following pleading requirements must be met: (1) the defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant or defendants; and (2) the notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained.

*Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004) (citing 28 U.S.C. § 1446(a), (b)).

"[A] petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations." *Gafford v. General Elec. Co.*, 997 F.2d 150, 164 (6th Cir. 1993). Generally, amendments to a notice of removal may be made liberally within the thirty-day period for filing the original notice of removal. *Jenkins v. Cent. Transp.*, No. 09CV525, 2009 U.S. Dist. LEXIS 151594, at *7 (N.D. Ohio May 1, 2009) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993)); *Nero v. Maserati N. Am., Inc.*, No. 1:17 CV 1574, 2017 WL 4124976, at *2 (N.D. Ohio Sept. 18, 2017). However, outside the thirty-day period, Defendant may only amend the removal notice "to set out more specifically the grounds for removal that have already been stated, albeit imperfectly, in the original notice…" *Hughen v. BHG Nashville #1, LLC*, No. 3:20-cv-00236, 2020 U.S. Dist. LEXIS 88840, at *28 (M.D. Tenn. May 20, 2020) (quoting 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed. 2009) (collecting cases)). In other words, outside the thirty-day period, amendments may be allowed to cure procedural defects but not to allege new grounds for jurisdiction. *See e.g. Thompson v. Gulf Stream Coach, Inc.*, No. 1:07-CV-49, 2007 U.S. Dist. LEXIS 61282, at *9 (W.D. Mich. Aug. 21, 2007); *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274

3

(2d Cir. 1994) (court declined to allow defendant to amend notice of removal to include diversity jurisdiction grounds outside the thirty day period for removal); *Stein v. Sprint Communications Co.*, 968 F. Supp. 371, 374 (N.D. Ill. 1997) ("[A] defendant may not amend its notice of removal after the 30-day limit in § 1446(b) to remedy a substantive defect in the petition"); *Spillers v. Tillman*, 959 F. Supp. 364, 372 (S.D. Miss. 1997) ("Although a defendant is free to amend a notice of removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Wright v. Combined Ins. Co. of America*, 959 F. Supp. 356, 359 (N.D. Miss. 1997) ("If a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Iwag v. Geisel Compania Maritima*, 882 F. Supp. 597, 601 (S.D. Tex. 1995) (finding that "section 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading," and thus holding that the court would "disallow amendments to notices of removal that present grounds for removal not included in the original notice").

Here, Defendant wants to amend its notice of removal to add new grounds for federal question jurisdiction. [R. 17 at p. 1]. Specifically, Defendant contends that it discovered through an "additional investigation" into the matter that Southers was terminated based on a specific provision of a collective bargaining agreement ("CBA"). [*Id.*] Thus, Defendant now requests to amend his notice of removal to add an allegation that federal jurisdiction is proper under Section 301 of the Labor Management Relations Act ("LMRA"). [*Id.*] Since Defendant is seeking to add a new allegation of federal question jurisdiction that it has not raised it its two prior notices of removal, the amendment must be made within the thirty-day period for removal or the issue will

4

be deemed waived. *See Valdez v. Miller*, No. 3:11-CV-462, 2012 U.S. Dist. LEXIS 39522, at *17 (E.D. Tenn. Jan. 20, 2012) (holding that defendant's failure to file an amended notice of removal during the thirty-day period for removal alleging federal question jurisdiction constituted waiver). Thus, the issue in this case is when the thirty-day removal period began to run.

The removal period begins when the defendant receives a copy of the initial pleading that sets forth the removable claim if the removability of the action is readily ascertainable from the face of the pleading. *Tech Hills II Assocs v. Phx. Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993). However, if the action is not immediately removable when filed, then "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable..." 28 U.S.C. 1446(b).

Plaintiff argues that Defendant's amended notice of removal is untimely because Defendant knew of the CBA when it fired Plaintiff, and thus the thirty days started running on the day Defendant received Plaintiff's complaint. [R. 19 at p. 3-4]. Defendant, on the other hand, argues that it just now became aware of the existence of the CBA provision and thus the thirty days started running on the day it discovered the CBA. [R. 17; 20]. Defendant's argument fails for two reasons. First, the "other paper" was not received by Defendant as contemplated by the statute. Second, the pleading was initially removable under the LMRA and thus 1446(b) does not apply.

Under 1446(b), the "other paper" must be received by the defendant, not the defendant's attorney. *See Nicholas v. Macneille*, 492 F. Supp. 1046 (D.S.C. 1980). ARH states that it did not know that the case was removable until its attorneys discovered the termination letter it sent to Southers which stated she was fired under a CBA provision. [R. 17 at p. 1]. This was a document prepared by Defendant and in Defendant's possession throughout the entirety of this lawsuit.

5

Clearly, Defendant knew the reason it fired Southers and it knew about the existence of the CBA at the time it sent the letter. The receipt of Defendant's letter, which was prepared by Defendant, by its attorney cannot be imputed to ARH. Thus, Defendant has not just "received" the letter in a way that would make this case fall under 1446(b).

Second, in order to fall under 1446(b), the case stated by the initial pleading must not have been originally removable. 28 U.S.C. 1446(b)(3). It is true that, as argued by ARH, Southers did not mention the CBA or any existence of a CBA in her original complaint. *See* [R. 1-1; 20 at p. 4]. Instead, Plaintiff's complaint relies on state law claims under KRS 344, the Kentucky Civil Rights Act, and the Kentucky tort of outrage. [R. 1-1 at p. 6]. However, Section 301 of the LMRA "converts state causes of actions into federal ones for the purposes of determining the propriety of removal." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). As discussed above, ARH knew of its reason for terminating Southers and it also knew about the existence of the CBA. Thus, under Section 301, the case stated by the initial pleading was removable even though the pleading did not allege federal claims on its face. Since the case stated by the initial pleading was removable, 1446(b)(3) does not apply and the thirty-day removal period began when ARH received the complaint.

For the above reasons, this Court finds that the thirty-day period of removal started when ARH received the complaint. "[A] complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Tech Hills II Assocs*, 5 F.3d at 968. While the Court does not know the exact day that ARH received the complaint, it is apparent that ARH had received the complaint when it filed its original notice of removal on October 6, 2020, which was well over thirty days prior to the date ARH filed its motion for leave to amend its notice of removal on November 14, 2020. Southers makes this argument in her response, and ARH does

not refute the argument that the thirty-day period from the date it received the complaint has expired. *See* [R. 19 at p. 3; 20]. Thus, this Court finds that because ARH failed to raise an allegation of federal question jurisdiction within the thirty-day period for removal, ARH waived this argument and its motion for leave should be denied. *See Valdez*, 2012 U.S. Dist. LEXIS 39522, at *17.

Southers has further requested attorney fees and costs incurred in responding to ARH's motion for leave to file an amended notice of removal under 28 U.S.C. 1447(c). [R. 19 at p. 5]. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). "[T]he standard for award fees should turn on the reasonableness of the removal ... courts may award attorney's fees under § 1447(c) only where the removing party lack an objectively reasonable basis for seeking removal." *Id.* at 141. In the instant case, although ARH's motion was untimely, the Court cannot conclude the basis for removal was wholly objectively unreasonable. Thus, Plaintiff's request for attorney fees should be denied.

### III. RECOMMENDATION

In sum, Defendant waived its allegation of federal question jurisdiction when it failed to raise it during the thirty-day removal period, which started running the day Defendant received the complaint. Further, Plaintiff's request for attorney fees is denied because the Court cannot conclude that the basis for removal was objectively unreasonable. Thus, IT IS RECOMMENDED that:

1. Defendant's motion for leave to file its second amended notice of removal [R. 17] be DENIED.

2. Plaintiff's request for attorney fees [R. 19] be DENIED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed November 30, 2020.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge