UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| COURTNEY SOUTHERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 7:20-CR-126-REW-EBA |
| v. ) | |
| ) | OPINION & ORDER |
| APPALACHIAN REGIONAL ) | |
| HEALTHCARE, INC., ) | |
| | |
| Defendant. | |

*** *** *** ***

Haste makes waste. This case, tortured on the launch pad, is an example. Plaintiff Courtney Southers, fired by employer Defendant Appalachian Regional Healthcare, Inc. ("ARH"), sued in state court alleging various state-law discrimination and tort theories. *See* DE 1-1 (State Court Complaint). ARH, without a complete understanding of the Complaint and perhaps its own workplace, and prior to service by Southers, effected diversity-based removal. DE 1. That prompted an intensive round of battling over "snap removal" and the limitations of § 1441(b)(2) because ARH is a Kentucky citizen. *See* DE 5, 7, 8, 11, 13. Magistrate Judge Edward B. Atkins, though finding jurisdiction, disapproved of removal procedurally and wielded the remand sword via a scholarly R&R. *See* DE 16.

ARH fundamentally tacked. Instead of objecting to the R&R, ARH had since taken better stock of itself and realized that Southers's claim implicated a Collective Bargaining Agreement ("CBA") and the Labor Management Relations Act ("LMRA"). Thus, ARH tried to amend its removal notice to add a federal question to the jurisdictional foundation; this was especially important because no forum-defendant problem exists on that jurisdictional route. *See* DE 17 (Leave to File and Amended Notice of Removal). This effort prompted another furious round of

1

briefing and required more attention from Judge Atkins. *See* DE 19, 20. Same remand-sword in hand, he recommended denial of amendment. *See* DE 21. This resulted mostly from his and the parties' treatment of § 1446(b)(1) and its governance over the timing of removal. In essence, Judge Atkins pegged removal to ARH's informal receipt (receipt otherwise than by service) of the original complaint.[1] DE 21 at 2 n.1. That made the amendment effort, proceeding on wholly new (though jurisdictionally valid) grounds, untimely and left ARH still facing a remand recommendation. To that recommendation, ARH did object. DE 22. Southers responded, priming the issue for consideration. *See* DE 23.

The Court does not adopt but does not disturb the R&R on snap removal.[2] The analysis captured in that helpful product will get due consideration in another case on another day.[3] Having

---

[1] The parties and Judge Atkins's R&R improperly treated *Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir. 1993) as providing the key analysis. Receipt without formal service is not the trigger under § 1446(b). As discussed below, *Tech Hills* was abrogated by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1325 (1999). *Murphy Bros.* holds that receipt with or after formal service is the proper trigger under 1446(b).

[2] An odd tactical choice by ARH not to object, but that decision has potentially less effect in the context of a dispositive ruling. Ultimately, the Court treats the last removal amendment as timely, so the snap removal propriety, or not, does not decide the federal status of the case.

[3] Though some of the equities and policies contra have appeal, the Court has its doubts about rejection of snap removal. The exceptions to date come from the district courts, but a gathering wall of precedent at the Circuit level supports a plain reading of § 1441 and would not bar an unserved forum defendant from effecting removal. Those cases reject the "absurdity" decried at the trial level, including here by Judge Atkins. *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020) ("In our view of reasonableness, snap removal is at least rational."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("Starting with the text, we conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair."). The Sixth Circuit has only glancingly referenced the topic. *See McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28

reviewed the full record, the Court instead finds the second amendment effort timely and proper. ARH did not receive valid service any sooner than October 27, 2020. *See* DE 25-1; DE 25-2. As such, and under clear Supreme Court precedent, ARH's removal clock began no earlier than that point. Because the effort to amend occurred in the § 1446(b)(1) thirty-day window, it was timely and appropriate. The federal question solves the procedural puzzle and keeps the case properly pending on this District's docket.[4]

A notice of removal may be amended "under the same considerations governing the amendment of any other pleading containing jurisdictional allegations." *Gafford v. General Electric Co.*, 997 F2.d 150, 164 (6th Cir. 1993) (quoting *Stanley Electric Contractors, Inc. v. Darin & Armstrong Co.,* 486 F. Supp. 769, 772–73 (E.D. Ky. 1980)). Allowing amendment of a notice of removal is "consistent with the general liberal attitude toward pleading amendments found in Federal Civil Rule 15, and with [28 U.S.C. § 1653.]" 14C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3733 (Rev 4th ed.); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.") Thus, a notice of removal "may be amended freely before the initial 30-day removal period expires, but after the period ends, the notice may be amended only to set out more specifically the grounds for removal that already have been stated in the original notice." *Hahn v. Rauch*, 602 F. Supp.2d 895, 909 n.6 (N.D. Oh. 2008) (citing *Alexander v. FedEx Ground Package Sys., Inc.*, Np. C 05-0038, 2005 WL 701601, at *2 (N.D. Cal. Mar. 25, 2005)).

---

U.S.C. § 1441(b)."). The Court will defer, for now, until the answer determines a topic in controversy.

[4] The Court avoids scrutinizing the difficult question of how ARH could plausibly have discerned Southers's precise employment position and pay rate but not, at the same time, the obvious CBA interplay.

3

The relevant key, then, is pinpointing when the 30-day removal clock here started. Statute provides the rule: notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." 28 U.S.C. § 1446(b). The Supreme Court has interpreted this section to mean that the clock starts "by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but **not by mere receipt of the complaint unattended by any formal service**." *Murphy Bros.*, 119 S. Ct. at 1325 (emphasis added). A necessary predicate, then, is proper service of process. *See id.* at 1326–27; *see also Ellis v. Wal-Mart Stores East, LP*, Civil No. 09-361-GFVT, 2010 WL 11527355, at *2 (E.D. Ky. Jan. 27, 2010) (recognizing abrogation of *Tech Hills* by *Murphy Bros.* and collecting cases). In *Murphy Bros.*, Justice Ginsburg outlined how "the various provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories." *Murphy Bros.*, 119 S. Ct. at 1328. Kentucky requires simultaneous service of the complaint and the summons. *See* Ky. R. Civ. P. 4.04(1) ("The summons and complaint (or other initiating document) shall be served together."). Thus, "if the summons and complaint are served together, the 30-day period for removal runs at once." *Murphy Bros.* 119 S. Ct. at 1328.

Here, Defendant claims, and the record confirms, that it was served by certified mail "on or about October 27, 2020[.]"[5] DE 22 at 2; *see also* DE 25 (confirming Defendant's service claim);

---

[5] The Court notes a sub-issue relating to the state service: does the state summons, issued before removal and presumably in transit on the date of removal, retain its effectiveness after removal? Federal law provides that, in cases of removal to federal district court where a defendant was not served already with process (properly or otherwise), "such process or service *may be completed or new process issued in the same manner* as in cases originally filed in such district court." 28 U.S.C. § 1448 (emphasis added). There is currently a split of authority interpreting Section 1448. *See Minter v. Showcase Sys., Inc.*, 641 F. Supp. 2d 597, 600 (S.D. Miss. 2009) (discussing the split and collecting cases). The only Circuit that has answered the question is the Ninth Circuit, which, in an aged decision, held that if a defendant has not been served prior to removal, "the federal court

Ky. R. Civ. P. 4.04(1)(a) (treating certified mail service as "complete only upon delivery of the envelope" containing "a copy of the summons and complaint"). On the prior analysis, Defendant had 30 days from October 27 to remove and thus to amend its notice. Defendant moved to amend the notice of removal on November 14, 2020. *See* DE 17. Defendant was well within the thirty-day deadline to freely amend.

Moreover, the amended notice of removal clearly supports federal question jurisdiction. ARH argues that, pursuant to LMRA Section 301 preemption, Southers's state law claims should be converted into federal claims. DE 17-2 at 2. Southers does not discuss or challenge this basis for jurisdiction in response; Judge Atkins agreed with ARH. *See* DE 21 at 6–7.

Section 301 of the LMRA authorizes district courts to hear cases for contract violations between an employer and a labor organization. *See Slinker v. Jim Beam Brands Co.*, 689 F. App'x 406, 408 (6th Cir. 2017). Section 301 "governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams*, 107 S. Ct. 2425, 2426 (1987) (citations omitted). "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must

---

cannot complete the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 . . . . The state court process becomes null and void on the date the action is removed to federal court." *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). The cases adhering to *Beecher* find that the "same manner" phrase in the statute modifies both completion of service and issuance of new service. *See, e.g., Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D. 452, 454 (D. Colo. 1991). Other courts have rejected *Beecher*, and have instead held that "the statute allows for service of process pursuant to state rule if the process was begun prior to removal." *Reed v. City of Cleveland*, No. 1:04CV0546, 2006 WL 3861082, at *8 (N.D. Ohio Sept. 6, 2006). The Court need not resolve the issue here as the parties do not, at this point, dispute the validity of state service following removal.

5

either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 105 S. Ct. 1904, 1916 (1985) (internal citation omitted).

The Sixth Circuit has interpreted a state-law discrimination claim sufficiently entwined with a CBA as preempted by Section 301. *See Slinker*, 689 F. App'x at 409 ("Because 'plaintiff can[not] prove all the elements of his claim without the necessity of contract interpretation'—i.e., whether Jim Beam treated an alleged comparator differently—Section 301 preempts his claim[.]" (citation omitted)); *see also Paluda v. ThyssenKrupp Budd Co.*, 303 F. App'x 305, 309 (6th Cir. 2008) (noting that "plaintiffs' *prima facie* showing of age discrimination" would require evidence that showed whether plaintiffs "qualified for treatment as Group B employees under the Plant Closing Agreement" and then "whether they were eligible for Mutual Consent Early Retirement Benefits as defined by the Collective Bargaining Agreement," thus implicating evaluation of comparators under the CBA).

Southers alleged statutory discrimination and also the common-law tort of outrage. Her Complaint implicates the validity of ARH's reasons and process for termination, and before that, the mechanics and process for approving sick leave at ARH. *See* DE 1-1 at 3 (alleging a conversation regarding the need for "sick slips" to cover absences); *id.* at 5 (alleging that ARH failed to engage in an "interactive process" with Southers before termination). Southers claims her supervisors were "acting within the scope of their authority," authority undoubtedly prescribed and cabined by the CBA. *See id.* at 1–2. Both discrimination claims include disparity with respect to employment terms and privileges, another area informed expressly by the source document, the CBA. *See id.* at 5, 6. These allegations, on their own in case context, certainly implicate interpretation of the parties' CBA. The termination letter ARH provides in briefing also frames Southers's discharge from an angle that will turn directly on application of the CBA. *See* DE 17-

6

1 (noting that Southers violated "Article 31 of our [CBA] with United Steelworkers"). Her outrage claim, directly calling for assessment of the propriety of discharge, is a contract claim dressed as a tort. *Cf. Crenshaw v. Georgia-Pac. Corp.*, 915 F. Supp 93, 101 (W.D. Ark. 1995) (dismissing outrage claim as preempted under LMRA: "To determine the merits of plaintiff's allegation would require this Court to decide whether plaintiff's discharge was warranted under the terms of the collective bargaining agreement, which depends substantially upon construing the collective bargaining agreement's terms").

Judge Atkins treated the case as presenting a federal question, via preemption, and thus as removable, DE 21 at 6; neither side objected to that determination. Indeed, Southers contended that her case was "ripe" for removal from the start and that she "did not attempt to hide . . . [a] perceived federal cause of action in any way." DE 23 at 6. Thus, the timely amended notice of removal supports the Court validly exercising federal question jurisdiction.

The Court **DENIES** DE 5 & DE 11 and **GRANTS** DE 17. The Court sets aside, to the extent discussed, DE 16 & DE 21 (except on the federal question finding and on the fee denial) and retains this matter on the docket.[6]

This the 5th day of April, 2021.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[6] Southern served ARH on October 27, 2020. *See* DE 25-1; DE 25-2. The Court notes that, on the current record, ARH is now in default for failing to file a responsive pleading to Southers's Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring a defendant to answer or plead to plaintiff's complaint "within 21 days after being served with the summons and complaint); *see also* Fed. R. Civ. P. 81(c)(2).